# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by the rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PHILIP PIZZO AND MICHELE PIZZO, h/w

**(b)** County of Residence of First Listed Plaintiff __Lehigh County, PA__
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's First Name, Address, and Telephone Number)
Charles Jay Schleifer,, Esquire  267-350-6600
Haggerty, Goldberg, Schleifer & Jupersmith, P.C.
1835 Market Street, Suite 2700
Philadelphia, PA  19103

## DEFENDANTS
OHIO CASUALTY INSURANCE COMPANY a/k/a and/or d/b/a Peerless Indemnity Insurance Company a/k/a and/or d/b/a SAFECO INSURANCE

County of Residence of First Listed Defendant __New York, NY__
(IN U.S. PLAINTIFF CASE ONLY)

NOTE:  IN LAND CONTAMINATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys (If Known)
Daniel J. Maher, Esquire - 215-627-3087, X 12408
Baginski, Mezzanotte, Hasson & Rubinate
6th & Chestnut Streets, Suite 500, Philadelphia, PA  19106

## II. BASIS OF JURISDICTION (Place an X in one box only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an X in one Box for the Plaintiff and one box for the Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an X in one box only.)

| CONTRACT | TORT | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| X 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>X 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damages<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reappointment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenger 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agriculture Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Order<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1. Original Proceeding
- X 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1446(a).

Brief description of cause:
Complaint in Civil Action - Underinsured Motorist Benefits

## VII. REQUESTED IN COMPLAINT
☐ Check if this is a CLASS ACTION under F.R.C.P. 23    DEMAND  $ Excess of $50,000.00

Check YES only if demanded in complaint
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE
5/9/14

SIGNATURE OF ATTORNEY OF RECORD
Daniel J. Maher, Esquire

## FOR OFFICE USE ONLY

RECEIPT# _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   Philip and Michele Pizzo, h/w, 4307 S. Woodland Drive, Bensalem, PA 19020

Address of Defendant:   Ohio Casualty Insurance Company, 27201 Bella Vista Parkway, Suite 230, Warrenville, IL 60555

Place of Accident, Incident or Transaction:   CR 625/Sea Isle Boulevard or/near US 9 in New Jersey
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.C.P. 7.1(a))          Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?          Yes ☐  No ☒
*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes ☐  No ☒

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☐  No ☒

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes ☐  No ☒

CIVIL: (Place √ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

| | | |
|---|---|---|
| 1. | ☐ | Indemnity Contract, Marine Contract, and All Other Contracts |
| 2. | ☐ | FELA |
| 3. | ☐ | Jones Act - Personal Injury |
| 4. | ☐ | Antitrust |
| 5. | ☐ | Patent |
| 6. | ☐ | Labor-Management Relations |
| 7. | ☐ | Civil Rights |
| 8. | ☐ | Habeas Corpus |
| 9. | ☐ | Securities Act(s) Cases |
| 10. | ☐ | Social Security Review Cases |
| 11. | ☐ | All Other Federal Question Cases *(please specify)* |

B. *Diversity Jurisdiction Cases:*

| | | |
|---|---|---|
| 1. | ☒ | Insurance Contract and Other Contracts |
| 2. | ☐ | Airplane Personal Injury |
| 3. | ☐ | Assault, Defamation |
| 4. | ☐ | Marine Personal Injury |
| 5. | ☐ | Motor Vehicle Personal Injury |
| 6. | ☐ | Other Personal Injury *(please specify)* Premises Liability |
| 7. | ☐ | Products Liability |
| 8. | ☐ | Products Liability – Asbestos |
| 9. | ☐ | All Other Diversity Cases *(please specify)* |

## ARBITRATION CERTIFICATION
*Check appropriate category)*

I, __DANIEL J. MAHER, ESQUIRE__ _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and cost;
☐ Relief other than monetary damages is sought.

| 5/9/14 | Daniel J. Maher, Esquire | 49762 |
|---|---|---|
| Date | Attorney-at-Law | Attorney I.D. # |

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

| 5/9/14 | Daniel J. Maher, Esquire | 49762 |
|---|---|---|
| Date | Attorney-at-Law | Attorney I.D. # |

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| PHILIP PIZZO and MICHELE PIZZO, h/w, | : | |
| Plaintiffs | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. |
| OHIO CASUALTY INSURANCE COMPANY a/k/a and/or d/b/a PEERLESS INDEMNITY INSURANCE COMPANY a/k/a and/or d/b/a SAFECO INSURANCE, | : | |
| Defendants | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus - Cases brought under 28 U.S.C. §2441 through §2255.          ( )

(b)  Social Security - Cases requesting review of a decision of the Secretary of
     Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c)  Arbitration - Cases required to be designated for arbitration under
     Local Civil Rule 53.2.          ( )

(d)  Asbestos - Cases involving claims for personal injury or property
     damage from exposure to asbestos.          ( )

(e)  Special Management - Cases that do not fall into tracks (a) through
     (d) that are commonly referred to as complex and that need special or intense
     management by the court. (See reverse side of this form for a
     detailed explanation of special management cases.)          ( )

(f)  Standard Management - Cases that do not fall into any one of the
     other tracks.          **(X)**

| 5/9/14 | Daniel J. Maher, Esquire | Ohio Casualty Insurance Company |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-627-3087 | 603-334-7294 | daniel.maher@libertymutual.com |
| Telephone | Fax Number | E-Mail Address |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILIP PIZZO and MICHELE PIZZO,     :
h/w,
       Plaintiffs            :

vs.                             :

OHIO CASUALTY INSURANCE        :
COMPANY a/k/a and/or d/b/a
PEERLESS INDEMNITY INSURANCE
COMPANY a/k/a and/or d/b/a SAFECO
INSURANCE,
       Defendants

### NOTICE OF REMOVAL

**TO:**    Charles Jay Schleifer, Esquire
        Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
        1835 Market Street, Ste. 2700
        Philadelphia, PA 19103

      Please take notice that on May 9, 2014, Defendants, OHIO CASUALTY INSURANCE COMPANY a/k/a and/or d/b/a PEERLESS INDEMNITY INSURANCE COMPANY a/k/a and/or d/b/a SAFECO INSURANCE, filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania the within Notice of Removal

      The Notice of Removal is also being filed with the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1446(d).

      A Praecipe to Remove the case from the Philadelphia County Court of Common Pleas dockets will be filed after the Federal Court assigns this matter an appropriate civil action number.

                                  Respectfully submitted,

                                  **BAGINSKI, MEZZANOTTE, HASSON**
                                   **& RUBINATE**

By          _Daniel J. Maher_

                  Daniel J. Maher, Esquire
                  Identification No. 49762

Suite 500 - Public Ledger Building
150 South Independence Mall West
Philadelphia, Pa.  19106
(215) 627-3087
Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILIP PIZZO and MICHELE PIZZO,  :
h/w,
   Plaintiffs       :

vs.              :

OHIO CASUALTY INSURANCE   :
COMPANY a/k/a and/or d/b/a
PEERLESS INDEMNITY INSURANCE
COMPANY a/k/a and/or d/b/a SAFECO
INSURANCE,
   Defendants

### NOTICE OF REMOVAL

### TO THE JUDGES OF THE COURT:

Defendants, OHIO CASUALTY INSURANCE COMPANY a/k/a and/or d/b/a PEERLESS INDEMNITY INSURANCE COMPANY a/k/a and/or d/b/a SAFECO INSURANCE, by and through their counsel, hereby file this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and respectfully submits as follows:

### I. STATEMENT OF FACTS ENTITLING DEFENDANTS TO REMOVE

1. On or about March 18, 2014, the Plaintiffs filed a lawsuit against the Defendants. (Attached hereto as Exhibit "A" is a copy of Plaintiffs' Complaint).

2. Plaintiffs filed their Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, which is docketed under Number 140302847 (See Exhibit "A"). Defendants' answer to the complaint which was filed on May 8,2014 is attached hereto as Exhibit"B".

3. Plaintiffs served their Complaint on April 15, 2014.

4.     Plaintiffs' action is civil in nature, and the amount in controversy, exclusive of interest and costs may be in excess of $75,000.00.

5.     The Defendants aver that diversity of citizenship exists between the parties in controversy as follows:

      a.     Plaintiffs are citizens of the Commonwealth of Pennsylvania, residing at 4307 S. Woodland Drive, Bensalem, PA 19020.

      b.     Defendant, Ohio Casualty Insurance Company is not a legal entity, but a marketing name only. The Policy of Insurance which is the subject matter of Plaintiffs' Complaint, was underwritten by Peerless Indemnity Insurance Company, a corporation duly organized in the State of Illinois with a home office located at 27201 Bella Vista Parkway, Ste. 130, Warrenville, IL 60555. The Defendant is licensed to do business and does business in the Commonwealth of Pennsylvania.

6.     This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441, et seq.

7.     This Notice is being filed with this Court within the time for removal set forth in 28 U.S.C. §1446 (b), inasmuch as thirty (30) days have not passed since service of the Complaint was made on the removing Defendants on April 15, 2014.

8.     Copies of all process, pleadings and orders that were received by Defendants when this lawsuit was pending in State Court and up to the present time are filed with this Notice of Removal.

      WHEREFORE, Defendants, OHIO CASUALTY INSURANCE COMPANY a/k/a and/or d/b/a PEERLESS INDEMNITY INSURANCE COMPANY a/k/a and/or

d/b/a SAFECO INSURANCE, request that the above action that was filed against them in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

BAGINSKI, MEZZANOTTE, HASSON & RUBINATE)

By

Daniel J. Maher, Esquire
Identification No. 49762
Suite 500 - Public Ledger Building
150 South Independence Mall West
Philadelphia, Pa. 19106
(215) 627-3087
Attorney for Defendants

## CERTIFICATE OF SERVICE

I, Daniel J. Maher, hereby certify that on May    9   , 2014,  I caused a true and correct copy of the foregoing Notice of Removal to be served upon the individuals listed below via United States Mail, first class, postage pre-paid as follows:

Charles Jay Schleifer, Esquire
Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
1835 Market Street, Ste. 2700
Philadelphia, PA 19103

**BAGINSKI, MEZZANOTTE, HASSON & RUBINATE**

By

Daniel J. Maher, Esquire
Identification No. 49762
Suite 500 - Public Ledger Building
150 South Independence Mall West
Philadelphia, Pa. 19106
(215) 627-3087
Attorney for Defendants

*EXHIBIT "A"*

HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.   *Attorney for Plaintiffs*
BY: Charles Jay Schleifer, Esquire
I.D. # 33601
1835 Market Street, Suite 2700
Philadelphia, PA 19103
(267) 350-6600

*Filed and attested by PROTHONOTARY*

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

| | |
|---|---|
| PHILIP PIZZO and MICHELE PIZZO, h/w | : MAJOR JURY |
| 4307 S. Woodland Drive | : |
| Bensalem, PA 19020 | : |
| vs. | : NO. |
| OHIO CASUALTY INSURANCE COMPANY | : |
| a/k/a and/or d/b/a PEERLESS INDEMNITY | : |
| INSURANCE COMPANY a/k/a and/or d/b/a | : |
| SAFECO INSURANCE | : |
| 6281 Tri-Ridge Boulevard | : |
| Loveland, OH 45140 | : |

### CIVIL ACTION – CONTRACT
### UNDERINSURED MOTORIST BENEFITS

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center, 1101 Market Street
Philadelphia, Pennsylvania 19107
Telephone: (215) 238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO. ASOCIACION DE LICENCIADOS DE FILADELFIA, SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center, 1101 Market Street
Filadelfia, Pennsylvania 19107; Teléfono: (215) 238-6333

1

Case ID: 140302847

1. The Plaintiffs are adult individuals residing at the above captioned address.

2. At all times relevant hereto, the Plaintiffs were husband and wife.

3. The Defendant is an insurance company authorized to write insurance in the Commonwealth of Pennsylvania, with an office and place of business as set forth above.

4. The Defendant conducts business on a regular basis in Philadelphia County, Pennsylvania.

5. At all times relevant hereto, Plaintiffs were entitled to motor vehicle insurance coverage pursuant to a policy (the "Policy") in effect that was issued by the Defendant to Plaintiffs.

6. At all times relevant hereto, the policy number was PLPW644690, and the policy period of July 23, 2010 to July 23, 2011 included the date of the subject event set forth below. *A Certified Copy of the relevant portions of the Policy, including the Declarations Page, and accompanying documents is attached as Exhibit A.*

7. Under the terms of the policy, Defendant provided, and Plaintiffs are entitled to underinsured motorist benefits in the total amount of Two-Hundred Thousand Dollars ($200,000.00).

8. On or about August 28, 2010, at approximately 11:49 a.m., the Plaintiff, Philip Pizzo, was the owner or bailee of a motor vehicle and was operating his vehicle on CR 625/Sea Isle Boulevard at or near its intersection with US 9 in New Jersey.

9. At the aforesaid time and place, Christopher Guarini was the owner or bailee and operator of a motor vehicle proceeding on CR 625/Sea Isle Boulevard at or near its intersection

2

with US 9, when Christopher Guarini did cause his motor vehicle to come into a violent collision with the rear of the vehicle of Plaintiff, Philip Pizzo.

      10.     At the aforesaid time and place, Christopher Guarini had the expressed or implicit permission to drive this vehicle.

      11.     At the aforesaid time and place, the negligence and carelessness of Christopher Guarini consisted in that:

      (a)     he did operate the said vehicle at an excessive rate of speed under the circumstance;

      (b)     he did fail to have the said vehicle under proper and adequate control at the time;

      (c)     he did fail to give proper and sufficient warning of the approach of said vehicle;

      (d)     he did operate said vehicle without due regard to the rights, safety and position of the Plaintiff herein at the point aforesaid;

      (e)     he did violate the local Ordinances and Statutes pertaining to the operation of motor vehicles on the highway; and

      (f)     he did owe a duty of care to Plaintiff and did violate that duty of care owed to Plaintiff.

      12.     As a result of the aforesaid, Plaintiff, Philip Pizzo, sustained a severe shock to the nerves and nervous system and severe and numerous bodily injuries, including but not limited to

3

injury and/or aggravation of underlying condition to his neck and back, anterior cervical discectomy asteophytectomy at C4/C5, anterior cervical fusion at C4/5 with allograft, anterior cervical discectomy osteophytectomy at C6/C7 and anterior cervical fusion at C6/C7 with allograpft, as well as other severe orthopedic injuries, and he has suffered and may and probably will in the future continue to suffer great pain and agony, all of which may be permanent in nature.

13.     Plaintiff, Philip Pizzo's, injuries amounted to a serious injury in that they resulted in a serious impairment of bodily function, thereby seriously limiting him in many of his daily activities.

14.     Under Pennsylvania law, Plaintiff, Philip Pizzo, is among the class of individuals designated to have chosen the full tort option.

15.     As a further result of the accident, Plaintiff, Philip Pizzo, has been and will be obliged to receive and undergo medical attention and care and incur various expenses for the injuries Plaintiff has suffered and costs or reasonable value of which exceed Five Thousand Dollars ($5,000.00) and Plaintiff may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

16.     By reason of the aforesaid, Plaintiff, Philip Pizzo, has suffered a loss of earning capacity and it is anticipated that he may lose the emoluments of employment in the future.

17.     Plaintiff, Michele Pizzo, also presented a liability claim for damages to the motor vehicle insurance company for the driver of the other vehicle, Christopher Guarini, to wit: a

4

claim for loss of consortium, specifically, past, present and future loss of consortium, including, but not limited to, the loss of comfort, services, assistance, companionship, marital fellowship, society, cooperation, association, and opportunity to engage in sexual relations of her husband, co-plaintiff, Philip Pizzo, and will be deprived of same for an indefinite time in the future.

18.     Christopher Guarini was insured pursuant to the motor vehicle insurance policy issued to him by State Farm Mutual Insurance Company.  The policy provided for liability coverage limits in the amount of $250,000.00.  *Attached as Exhibit B is a copy of the Certification of Coverage for the liability policy issued by State Farm Mutual Insurance Company ("liability policy").*

19.     State Farm Mutual Insurance Company tendered Two-Hundred Thousand Dollars ($200,000.00) as settlement for the claim of the Plaintiff, Phillip Pizzo.

20.     Defendant provided consent to the Plaintiff, Phillip Pizzo, to settle the liability claim, and waived its right to subrogation against the driver, Christopher Guarini.  *Attached as Exhibit C is a copy of the e-mail dated September 25, 2013 from defendants' liability adjuster, Charity Grzelecki, setting forth a waiver of subrogation.*

21.     Subsequently, Plaintiff, Phillip Pizzo, presented a claim for underinsured motorist benefits to Defendant pursuant to the aforementioned policy, but the parties were unable to reach a settlement as to the amount of damages.

22.     The Insuring Agreement of the Underinsured Motorist Coverage endorsement provides, in pertinent part: "We will pay compensatory damages which the insured is legally

5

Case ID: 140302847

entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury: 1. sustained by an insured; and 2. caused by an accident." *See Exhibit A, page 1 of 4, the "Underinsured Motorist Coverage-Pennsylvania (Stacked)."*

23.     The Policy issued by Defendant defines an "insured" for purposes of underinsured motorist benefits as: "You or any family 'member'." and "Any person for damages that person is entitled to recover because of 'bodily injury' to which this coverage applies sustained by a person described ... above." *See Exhibit A, page 1 of 4, the "Underinsured Motorist Coverage-Pennsylvania (Stacked)."*

24.     The Policy issued by Defendant defines an "underinsured motor vehicle" as "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for bodily injury under that bond or policy to an insured is not enough to pay the full amount the insured is legally entitled to recover as damages." *See Exhibit A, page 1 of 4, the "Underinsured Motorist Coverage-Pennsylvania (Stacked)."*

25.     Plaintiffs are eligible as insureds to receive underinsured motorist benefits under the Policy.

26.     Christopher Guarini was the owner and operator of an underinsured motor vehicle as defined by the Policy.

27.     Plaintiffs are entitled to receive underinsured motorist benefits under the Policy because of the negligence and carelessness of Christopher Guarini.

6

Case ID: 140302847

28.    Plaintiffs are entitled to recover underinsured motorist benefits from Defendant up to the limits of underinsured motorist coverage as a result of the negligence and carelessness of Christopher Guarini.

29.    Defendant has failed to make payment of underinsured motorist benefits contending that "we do not see the gross value of the injury piercing the underlying limits." *Attached as Exhibit D is a copy of the e-mail dated October 8, 2013 from defendant's liability adjuster, Charity Grzelecki, setting forth same.*

30.    Defendant has wrongfully failed to pay damages to which the Plaintiffs are entitled to recover under the Policy.

31.    Defendant has wrongfully breached the Policy by failing to pay underinsured motorist benefits to Plaintiffs under the Policy.

32.    Plaintiffs are entitled to recover Underinsured Motorist Benefits from Defendant for the injuries sustained in the accident of August 28, 2010 up to the limits of coverage.

WHEREFORE, Plaintiffs claim damages against the Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00).

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

BY:_____
CHARLES JAY SCHLEIFER, Esquire
*Attorney for Plaintiffs*

7

Case ID: 140302847

## VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, as well as information gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he/she has read the within pleading and that it is true and correct to the best of the signer's knowledge, information and belief. To the extent that the contents of the pleading is that of counsel, I have relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications.

Date: 3/17/14

_____
PHILLIP PIZZO

_____
MICHELE PIZZO

# Policy Copy & UW File Request Form

**Email Form To:**

**Personal Lines:**      Carol House, Loveland, Ohio for all regional companies except LNW and GoAmerica

Email Form to: US-Loveland Certified Requests PL or US-Lovelandcertifiedrequestspl@libertyram.com

Dannette Hopkins and Amanda Chadton for GoAmerica

LNW policies or Portland, OR
LNW-PolicyCopyRequest-PL@libertynorthwest.com
Backup: Gayle Leech

**Personal Lines UW File:**      Same as above

**Commercial Lines:**
**(Policy Copies &**
**UW Files)**
     See Excel spreadsheet below.  Send to the request to the email box, contact or website listed, depending on company or line of business involved.



Commercial lines
contacts

| POLICY # | POLICY PERIOD | NAMED INSURED |
|---|---|---|
| PLPW644690 | 7/23/10 to 7/23/11 | Philip PS and Michelle Pizzo |
| | | |

(List each policy and period requested separately - i.e., CGL, HO, Umbrella, Auto etc.)
**Request:**

☐    Copy of the entire policy.  This must include copies of all forms and endorsements listed on the declarations page of the policy.

☒    Certified copy of the entire policy.  This must include copies of all forms and endorsements listed on the declarations page of the policy.  Underwriting must provide certification as to:

         ☐   Coverage in effect during the policy period above.
         ☐   Coverage in effect on (Date of Loss).

☐    Certified copy of Declaration pages ONLY.

☐    Multiple Copies Required - please provide    copies of each policy listed above.

☒    Copies of all Additional Insured endorsements not otherwise included in the policy.

☐    Copy of the entire underwriting file is needed.

**Return the Copy or Certified Copy and/or UW File to the requester below with this sheet attached:**

Name: Charity Grzelecki
Street Address: Telecommuter
City, State, Zip Code:

Date Needed: 09/27/13



PLAINTIFF'S
EXHIBIT
4

Claim Number: 704230020

Case ID: 140302847



A Member of Liberty Mutual Group

9450 Seward Rd.
Fairfield, OH 45014
877-566-6091

PLPW644690

I hereby certify that the attached is a true and accurate copy of the policy as it appears on the records of the company.

By:

Carol S. House

*Carol S. House*

Sr. Administrative Assistant
Personal Lines Underwriting

Ohio Casualty

Safeco® Insurance member underwriting companies
American Economy Insurance Company, American States Insurance Company, American States Insurance Company of Texas, American States Lloyds Insurance Company,
American States Preferred Insurance Company, First National Insurance Company of America, General Insurance Company of America, Insurance Company of Illinois,
Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon,
Safeco Lloyds Insurance Company, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company.
Not all companies may be licensed in all states.

Case ID: 140302847

*0108001PLPW644G9001PAPLPR179*

PHILIP S PIZZO
MICHELLE PIZZO
4307 S WOODLAND DR
BENSALEM PA   19020-4086

00178

Ohio Casualty
9450 Seward Road
Fairfield, OH 45014-5456

INSURED COPY

07/23/2010        PLPW64469001            1205              PGDM500D  J25482        OPXFPPN  00008338   Page

TO:

PHILIP S PIZZO
MICHELLE PIZZO
4307 S WOODLAND DR
BENSALEM  PA   19020-4088

Ohio Casualty
9450 Seward Road
Fairfield, OH 45014-5456

**INSURED COPY**

Case ID: 140302847



Ohio
Casualty.
Member of Liberty Mutual Group

Coverage is provided in:
**PEERLESS INDEMNITY INSURANCE COMPANY**

This policy has been prepared for:
PHILIP S PIZZO
MICHELLE PIZZO
4307 S WOODLAND DR
BENSALEM PA   19020-4086

HOME OFFICE ADDRESS:
6281 Tri-Ridge Blvd
Loveland, OH  45140

Agent Name and Address:

ROBERT S STROBEL INSURANCE, IN
C
3535 WELSH RD SUITE A
WILLOW GROVE PA   19090

Agent Code:  3710723

Agent's Phone Number:  (267)-781-0770

THE FOLLOWING NOTICE APPLIES ONLY IF THIS IS A PERSONAL AUTO POLICY OR A PACKAGE POLICY
INCLUDING A PERSONAL AUTO POLICY:

IMPORTANT NOTICE CONCERNING COLLISION DAMAGE FOR RENTAL VEHICLES:

IF YOU HAVE PURCHASED COLLISION COVERAGE ON AT LEAST ONE OF YOUR OWNED VEHICLES UNDER
THIS POLICY AND THERE IS A LOSS TO A RENTAL VEHICLE, WE WILL PROVIDE THE BROADEST COVERAGE
APPLICABLE TO ANY "YOUR COVERED AUTO" SHOWN IN THE DECLARATIONS. ANY APPLICABLE
DEDUCTIBLE TO "YOUR COVERED AUTO" WILL APPLY.

Your insurance policy is enclosed. Please place it with your important papers.

Thank you for selecting us to service your insurance needs!

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**\* PLEASE SEE VEHICLE ID CARDS ENCLOSED**          \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MPAML (11/07)

07/23/2010        PLPW64469001                1205                    PGDM560D J25482        OPXFPPN  00006339   Page   3



**Ohio Casualty.**
Member of Liberty Mutual Group

| | |
|---|---|
| Policy Number: PLP W644690 | Prior Policy: PLP W644690 |
| Policy Period: 07/23/2010   To: 07/23/2011 | 12:01 am Standard Time at the Mailing Address of the Named Insured |
| Coverage Is Provided In   PEERLESS INDEMNITY INSURANCE COMPANY | |
| Billing Type: ELEC. DED.   •   MONTHLY | |

| Named Insured and Mailing Address: | Agent: |
|---|---|
| PHILIP S PIZZO<br>MICHELLE PIZZO<br>4307 S WOODLAND DR<br>BENSALEM PA   19020-4086 | ROBERT S STROBEL INSURANCE, INC<br>3535 WELSH RD SUITE A<br>WILLOW GROVE PA   19090<br><br>Agent Code: 3710723    Agent Phone: (267)-781-0770 |

## PERSONAL PROTECTOR® PACKAGE DECLARATIONS

------------------------------------------------PREMIUM SUMMARY-------------------------------------------------

| Reason for Transaction | RENEWAL | Base Coverage Premium | $ | 3,463.00 |
|---|---|---|---|---|
| Transaction Effective Date | 07/23/2010 | Additional Coverage Premium | | |
| Premium For This Transaction | $    2,942.00 | Credits and Debits | | |
| | | Personal Protector Credit | $ | -521.00 |
| | | Total Policy Premium | $ | 2,942.00 |

------------------------------------------- BASE COVERAGES AND PREMIUMS ------------------------------------------

This policy consists of the following coverage parts:

| Coverage | Effective Date | Expiration Date | | Basic Premium | | Personal Protector Credit | | Package Premium |
|---|---|---|---|---|---|---|---|---|
| Homeowners | 07/23/2010 | 07/23/2011 | $ | 1,196.00 | $ | -179.00 | $ | 1,017.00 |
| Personal Auto | 07/23/2010 | 07/23/2011 | $ | 2,267.00 | $ | -342.00 | $ | 1,925.00 |
| Total Premiums | | | $ | 3,463.00 | $ | -521.00 | $ | 2,942.00 |

THIS IS NOT A BILL. Your policy premium is paid through Electronic Deduction.

Date Issued: 05/11/2010

# PERSONAL
# AUTO
# POLICY

90-295 (06/98)

07/23/2010     PLPW64469001

1205     INSURED COPY     PGDM560D  J25482     OPXFPPN

YOUR PERSONAL AUTO POLICY
QUICK REFERENCE

DECLARATIONS PAGE

Your Name
Location of Your Residence
Your Auto, Trailer, or Recreational Vehicle
Policy Period
Coverages
Amount of Insurance
Deductible

|  | Beginning on Page |  | Beginning on Page |
|---|---|---|---|
| AGREEMENT | 1 | PART D - COVERAGE FOR DAMAGE TO YOUR AUTO | 8 |
|  |  | Insuring Agreement | 8 |
| DEFINITIONS | 1 | Transportation Expenses | 9 |
|  |  | Exclusions | 9 |
| PART A - LIABILITY COVERAGE | 2 | Limit of Liability | 11 |
| Insuring Agreement | 2 | Payment of Loss | 12 |
| Supplementary Payments | 2 | No Benefit to Bailee | 12 |
| Exclusions | 3 | Other Sources of Recovery | 12 |
| Limit of Liability | 4 | Appraisal | 12 |
| Out of State Coverage | 4 |  |  |
| Financial Responsibility | 5 |  |  |
| Other Insurance | 5 |  |  |
|  |  |  |  |
| PART B - MEDICAL PAYMENTS COVERAGE | 5 | PART E - DUTIES AFTER AN ACCIDENT OR LOSS | 12 |
| Insuring Agreement | 5 |  |  |
| Exclusions | 5 | PART F- GENERAL PROVISIONS | 13 |
| Limit of Liability | 6 | Bankruptcy | 13 |
| Other Insurance | 6 | Changes | 13 |
|  |  | Fraud | 13 |
| PART C - UNINSURED MOTORISTS COVERAGE | 6 | Legal Action Against Us | 13 |
| Insuring Agreement | 6 | Our Right to Recover Payment | 13 |
| Exclusions | 7 | Policy Period and Territory | 13 |
| Limit of Liability | 7 | Termination | 14 |
| Other Insurance | 8 | - Cancellation | 14 |
| Arbitration | 8 | - Nonrenewal | 14 |
|  |  | - Automatic Termination | 14 |
|  |  | - Other Termination Provisions | 14 |
|  |  | Transfer of Your Interest in This Policy | 15 |
|  |  | Two or More Auto Policies | 15 |

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## UNDERINSURED MOTORISTS COVERAGE – PENNSYLVANIA (STACKED)

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

### SCHEDULE

| Underinsured Motorists Coverage | | |
|---|---|---|
| Auto | Premium | Limits |
| 1. | $ | $              Each Person |
| | | $              Each Accident |
| 2. | $ | $              Each Person |
| | | $              Each Accident |
| 3. | $ | $              Each Person |
| | | $              Each Accident |

### INSURING AGREEMENT

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

1. Sustained by an "insured"; and

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

We will pay under this coverage only if 1. or 2. below applies:

1. The limits of liability under any bodily injury liability bonds or policies applicable to the "underinsured motor vehicle" have been exhausted by payment of judgments or settlements; or

2. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

   a. Have been given prompt written notice of such tentative settlement; and

   b. Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

No judgment for damages arising out of a suit brought against the owner or operator of an "underinsured motor vehicle" is binding on us unless we:

1. Received reasonable notice of the pendency of the suit resulting in the judgment; and

2. Had a reasonable opportunity to protect our interests in the suit.

B. "Insured" as used in this endorsement means:

1. You or any "family member".

2. Any other person "occupying" "your covered auto".

3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

C. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

07/23/2010    PLPW64469001     1205    INSURED COPY    PGDM560D J25482    OPXFPPN

However, "underinsured motor vehicle" does not include any vehicle or equipment:

1. For which liability coverage is provided under Part A of this policy.

2. Operated on rails or crawler treads.

3. Designed mainly for use off public roads while not on public roads.

4. While located for use as a residence or premises.

EXCLUSIONS

A. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:

   1. By you while "occupying", or when struck by, any motor vehicle you own which is not insured for this coverage. This includes a trailer of any type used with that vehicle.

   2. By a "family member" who owns an auto, while "occupying", or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage. This includes a trailer of any type used with that vehicle.

B. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by any "insured":

   1. While "occupying" "your covered auto" when it is being used as a public or livery conveyance. This Exclusion (B.1.) does not apply to a share-the-expense car pool.

   2. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion (B.2.) does not apply to a "family member" using "your covered auto" which is owned by you.

C. We do not provide Underinsured Motorists Coverage for "noneconomic loss" sustained by any "insured" to whom the limited tort alternative applies, resulting from "bodily injury" caused by an accident involving an "underinsured motor vehicle", unless the "bodily injury" sustained is a "serious injury".

   This Exclusion (C.) does not apply if that "insured" is injured while "occupying" a motor vehicle insured under a commercial motor vehicle insurance policy.

D. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

   1. Workers' compensation law; or

   2. Disability benefits law.

E. We do not provide Underinsured Motorists Coverage for punitive or exemplary damages.

LIMIT OF LIABILITY

A. If "bodily injury" is sustained in an accident by you or any "family member":

   1. Our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any such accident is the sum of the Limits Of Liability shown in the Schedule or in the Declarations for each person for Underinsured Motorists Coverage.

   2. Subject to the maximum limit for each person described in A.1. above, our maximum limit of liability for all damages arising out of "bodily injury" resulting from any one accident is the sum of the Limits Of Liability shown in the Schedule or in the Declarations for each accident for Underinsured Motorists Coverage.

   3. Subject to the maximum limits of liability set forth in A.1. and A.2. above, the most we will pay for "bodily injury" sustained in such accident by an "insured" other than you or any "family member" is the each person or each accident Limit Of Liability shown in the Schedule or in the Declarations applicable to the vehicle that the "insured" was "occupying" at the time of the accident.

   The maximum limit of liability is the most we will pay regardless of the number of:

   1. "insureds";

   2. Claims made;

   3. Vehicles or premiums shown in the Schedule or in the Declarations; or

   4. Vehicles involved in the accident.

© Insurance Services Office, Inc., 2009

PP 04 19 05 10

INSURED COPY

07/23/2010     PLPW64469001          1205          PGDM560D  J25482     OPXFPPN

B. If "bodily injury" is sustained by any "insured" other than you or any "family member" in an accident in which neither you nor any "family member" sustains "bodily injury", the Limit Of Liability shown in the Schedule or in the Declarations for each person for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the Limit Of Liability shown in the Schedule or in the Declarations for each accident for Underinsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident. This is the most we will pay regardless of the number of:

1. "insureds";

2. Claims made;

3. Vehicles or premiums shown in the Schedule or in the Declarations; or

4. Vehicles involved in the accident.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A, Part B or Part C of this policy.

D. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

E. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

OTHER INSURANCE

If there is other applicable insurance available under more than one policy or provision of coverage that is similar to the insurance provided by this endorsement:

The following priorities of recovery apply:

| First | The Underinsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the "accident" |
| Second | The policy affording Underinsured Motorists Coverage to the "insured" as a named insured or family member |

If two or more policies have equal priority, the insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim.

ARBITRATION

A. If we and an "insured" do not agree:

1. Whether that "insured" is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "underinsured motor vehicle" then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by at least two of the arbitrators will be binding.

© Insurance Services Office, Inc., 2009

PP 04 19 05 10

Page 3 of 4

INSURED COPY

## POLICY DETAILS

### Insured Information

| | | |
|---|---|---|
| Insured: | GUARINI, CHRISTOPHER | Lease/Lien: Y |
| | 605 MILLESON LN | |
| | WEST CHESTER PA 19380-6467 | |

### Policy Information

| | | | |
|---|---|---|---|
| Policy Number: | 163442436 | Car: 001 | Effective Term: 06-18-2010 |
| Company: | STATE FARM MUTUAL | | Division Number: 2 |
| Policy Source: | PMR/FMR | NJ Pol: | Form Number: 9838A |
| Coverage in Force: | A 250/500/100,C2 10,000,D500,G500,H,R1 80%/1000,U 15/30,W 15/30,Z1 | | |
| Status: | POLICY IN FORCE | | |
| Agent Name: | DALTON, JOHN | Code: 3141 | Phone: (610) 328-9511 |

### Vehicle

| | | |
|---|---|---|
| Year: | 2010 | Bodystyle: PICKUP |
| Make: | FORD | VIN: 1FTEX1E84AFC42809 |
| Model: | F150 | Prior Damage: N |



PLAINTIFF'S EXHIBIT B

Case ID: 140302847

## James Alexander

**From:** Grzelecki, Charity <CHARITY.GRZELECKI@Safeco.com>
**Sent:** Wednesday, September 25, 2013 11:24 AM
**To:** James Alexander
**Cc:** CLMATT
**Subject:** FW: 704230020 Pizzo
**Attachments:** 704230020 (2) Pizzo.pdf

**Importance:** High

Good morning Jim,

You previously indicated State Farm was ready to give you a large offer.
Have they presented you with an offer to date? If so, what was the offer?

Again, we are willing to waive our subrogation rights and be bound to any jury verdict up to our policy limits in
the event this case is tried.

Have you been able to obtain an affidavit of no other insurance from the tortfeasor?

Have you been able to obtain any prior medical records?

I look forward to working on a resolution of this claim.

Thank you.

Sincerely,

Charity Grzelecki
Specialty Adjuster
Safeco Insurance Mid-Atlantic Claims
804-368-0796 phone
888-268-8840 fax
Charity.Grzelecki@Safeco.com

---

**From:** Grzelecki, Charity
**Sent:** Thursday, September 19, 2013 3:27 PM
**To:** jalexander@hgsklawyers.com
**Subject:** FW: 704230020 Pizzo
**Importance:** High

Good afternoon,

Attached is a copy of Philip Pizzo's policy.

Again, I would be happy to review any additional evidence.

Please provide prior medical records for review.



1

Case ID: 140302847

Pizzo, Mr. Philip
Case #:218001 ( )

**Case Type:** NEW AUTO    **DOI:** 8/28/2010
**Class:**         **Assigned:** CMF

LIM Date: 8/28/2012
Date Opened: 4/8/2011

10/14/2013  10:37 AM

Page 1 of 1

## Case Note - Page 183 of 185

**Date:** 10/08/2013 03:37 PM  **Staff:** JMA         **Topic:** MEMO

Good morning Jim,

We have had a chance to review the demand that you presented to us.

At this time, it is our understanding that State Farm's policy limits are $250,000.
Based on this information, we do not see the gross value of the injury piercing the underlying limits.

We would like to request prior medical records for review.

We are willing to waive subrogation rights.

Also, can you please obtain an affidavit of no other insurance from the tortfeasor since limits are $250,000.

Thank you.

Sincerely,

Charity Grzelecki



Case ID: 140302847



U.S.POSTAGE >> PITNEY BOWES

ZIP 19103 $ 008.03
02 1W
0001863870 APR 09 2014





7013 0600 0001 3390 0624

HGSK
1835 Market Street, Suite 2700
Philadelphia, PA 19103

OHIO CASUALTY INSURANCE COMPANY
a/k/a and/or d/b/a PEERLESS INDEMNITY
INSURANCE COMPANY a/k/a and/or d/b/a
SAFECO INSURANCE
9450 Seward Road
Fairfield, OH 45014

CERTIFIED MAIL RETURN RECEIPT REQUESTED

https://www.campusship.ups.com/cship/create?ActionOriginPair=default_PrintWindow...    4/15/2014

JAY LEE
LIBERTY MUTUAL-FAIRFIELD-049C
9450 SEWARD RD
FAIRFIELD OH 45014

2 LBS                    1 OF 1

SHIP TO:
   ATTN SAFECO IMAGING
   SOURCECORP
   20500 BELSHAW AVE
   **CARSON  CA 90746-3506**

  

CA 906 9-01

UPS NEXT DAY AIR SAVER **1P**

TRACKING #: 1Z 470 772 13 9067 9977



BILLING: P/P

Office/Dept Number: 049C01459

CS 16.2.03.    WNTI890 48.0A 01/2014

*EXHIBIT "B"*

To Plaintiff and All Parties:
You are hereby notified to plead to the
enclosed New Matter within twenty (20)
days from service hereof or a default
judgment may be entered against you.

*08 MAY 2014 01:55 pm*

Daniel J. Maher, Esquire

By: Daniel J. Maher, Esquire
Identification No. 49762
**Baginski, Mezzanotte, Hasson and Rubinate**
Suite 500 - Public Ledger Building
150 South Independence Mall West
Philadelphia, PA 19106-3476
215-627-3087

ATTORNEY FOR DEFENDANTS:

| | | |
|---|---|---|
| PHILIP PIZZO and MICHELE PIZZO, h/w,<br>　　　Plaintiffs | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL ACTION – LAW |
| | : | |
| vs. | | |
| | : | TRIAL DIVISION |
| OHIO CASUALTY INSURANCE COMPANY<br>a/k/a and/or d/b/a PEERLESS INDEMNITY<br>INSURANCE COMPANY a/k/a and/or d/b/a<br>SAFECO INSURANCE,<br>　　　Defendants | : | NO. 140302847 |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH NEW MATTER

Defendants, by their undersigned counsel, answer Plaintiffs' Complaint in Civil Action as

follows:

1.　　Denied.　After reasonable investigation, Answering Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in this paragraph,

and strict proof thereof is demanded.

Case ID: 140302847

2.      Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded.

3.      Admitted as stated.

4.      Admitted as stated.

5.      Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure.

6.      Denied. The averments of this paragraph refer to, and incorporate, a writing that speaks for itself. Therefore, any attempts to characterize the writing or to quote it out of context are denied to the extent they are inconsistent with the writing. By way of further answer, these averments constitute legal conclusions to which no response is required and are therefore deemed denied.

7.      Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure.

8.      Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded.

9.      Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded.

10.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded.

11.    Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded.

12.    Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure. By way of further answer, after reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

13.    Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure. By way of further answer, after reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded. .

14.    Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure. By way of further answer, after reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

15.    Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure. By way of further answer, after reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

16.    Denied. The averments of this paragraph constitute legal conclusions to which no responses

are required under the Pennsylvania Rules of Civil Procedure. By way of further answer, after reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

17.    Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure. By way of further answer, after reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and strict proof thereof is demanded.

18.    Denied. The averments of this paragraph refer to, and incorporate, a writing that speaks for itself. Therefore, any attempts to characterize the writing or to quote it out of context are denied to the extent they are inconsistent with the writing. By way of further answer, these averments constitute legal conclusions to which no response is required and are therefore deemed denied.

19.    Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded.

20.    Denied. The averments of this paragraph refer to, and incorporate, a writing that speaks for itself. Therefore, any attempts to characterize the writing or to quote it out of context are denied to the extent they are inconsistent with the writing. By way of further answer, these averments constitute legal conclusions to which no response is required and are therefore deemed denied.

21.    Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure.

22.    Denied. The averments of this paragraph refer to, and incorporate, a writing that speaks for itself. Therefore, any attempts to characterize the writing or to quote it out of context are denied to

the extent they are inconsistent with the writing. By way of further answer, these averments constitute legal conclusions to which no response is required and are therefore deemed denied.

23.    Denied. The averments of this paragraph refer to, and incorporate, a writing that speaks for itself. Therefore, any attempts to characterize the writing or to quote it out of context are denied to the extent they are inconsistent with the writing. By way of further answer, these averments constitute legal conclusions to which no response is required and are therefore deemed denied.

24.    Denied. The averments of this paragraph refer to, and incorporate, a writing that speaks for itself. Therefore, any attempts to characterize the writing or to quote it out of context are denied to the extent they are inconsistent with the writing. By way of further answer, these averments constitute legal conclusions to which no response is required and are therefore deemed denied.

25.    Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure. By way of further answer, the averments of this paragraph are generally denied pursuant to Pa. R.C.P. 1029(e).

26.    Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and strict proof thereof is demanded.

27.    Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure. By way of further answer, the averments of this paragraph are generally denied pursuant to Pa. R.C.P. 1029(e).

28.    Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure. By way of further answer, the averments of this paragraph are generally denied pursuant to Pa. R.C.P. 1029(e).

29.    Denied. The averments of this paragraph refer to, and incorporate, a writing that speaks for itself. Therefore, any attempts to characterize the writing or to quote it out of context are denied to

the extent they are inconsistent with the writing. By way of further answer, these averments constitute legal conclusions to which no response is required and are therefore deemed denied.

30.    Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure. By way of further answer, the averments of this paragraph are generally denied pursuant to Pa. R.C.P. 1029(e).

31.    Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure. By way of further answer, the averments of this paragraph are generally denied pursuant to Pa. R.C.P. 1029(e).    Moreover, Answering Defendants specifically denies that it breached its policy.

32.    Denied. The averments of this paragraph constitute legal conclusions to which no responses are required under the Pennsylvania Rules of Civil Procedure. By way of further answer, the averments of this paragraph are generally denied pursuant to Pa. R.C.P. 1029(e).

WHEREFORE, it is requested that judgment be entered in favor of the Answering Defendants.

## NEW MATTER DIRECTED TO PLAINTIFFS

By way of further answer, the Answering Defendants aver the following New Matter:

33.    The Answering Defendants herein incorporate paragraphs 1 through 32, inclusive as though same were fully set forth at length herein.

34.    Plaintiffs' claims are barred by the applicable statute of limitations.

35.    The Plaintiffs' claims are barred and/or limited by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. §1701, et seq.

36.    The Plaintiffs did not sustain a "serious injury" as defined in the Pennsylvania Motor Vehicle Financial Responsibility Law and, therefore, Plaintiffs are barred from recovering non-economic damages.

37.     Plaintiffs' claims are due in whole or in part to an act or acts of commission or omission of persons, parties or entities other than the Answering Defendants and over whom the Answering Defendants had no control or right of control.

38.     Plaintiffs' claims are barred and/or limited by the failure to mitigate damages.

39.     Plaintiffs' claims are barred and/or limited by the sudden emergency doctrine.

40.     The Plaintiffs assumed the risk of any injuries and/or damages alleged.

41.     The claims of the spouse are derivative in nature, and to the extent the claims of the injured Plaintiff are barred and/or limited, so too are the claims of the spouse.

42.     The Plaintiffs are barred from recovering damages due to the Plaintiffs' failure to comply with the terms and conditions of the contract of insurance.

43.     All allegations of negligence and carelessness as contained in the Plaintiffs' Complaint, which Answering Defendants specifically deny, if proven, constitute ordinary negligence in fact and law, and therefore, it would not entitle the Plaintiffs to recover any punitive damages thereon.

44.     Answering Defendants deny that they acted in bad faith, or breached any duty, obligation and/or agreement with the Plaintiffs.   To the contrary, the Answering Defendants have acted reasonably and with due care and in full compliance of all their contractual obligations at all relevant times.

        WHEREFORE, it is requested that judgment be entered in favor of the Answering Defendants.

                                        **Baginski, Mezzanotte, Hasson and Rubinate**

                        BY:

                                        **Daniel J. Maher, Esquire**

## VERIFICATION

**DANIEL J. MAHER, ESQUIRE**, states that he is the attorney for the Defendants in this

action, and the facts set forth in the foregoing Answer to Plaintiffs' Complaint with New Matter are

true and correct to the best of his knowledge, information and belief; and that this statement is made

subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

**Baginski, Mezzanotte, Hasson and Rubinate**

BY:

Daniel J. Maher, Esquire

RE:    Philip and Michele Pizzo vs. Ohio Casualty Insurance Company, et al